**EXHIBIT A**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LANCASTER ) | |
| Phyllis S. Sklar, ) Plaintiff(s) ) | CIVIL ACTION COVERSHEET |
| vs. ) | |
| Pods Enterprises, LLC; Pack and Load ) Services, Inc.; Carolina Pack "n" Load, LLC; ) Unirisc, Inc. and Allstate Insurance Company. ) Defendant(s) ) | 2017 CP 29 01692 |

| | |
|---|---|
| (Please Print) Submitted By: Chad L. Bacon, Esq., Foster Law Firm, LLC Address: 601 E. McBee Avenue, Suite 104 Greenville, SC 29602 | SC Bar #: 69841 Telephone #: (864) 242-6200 Fax #: (864) 233-0290 Other: E-mail: cbacon@fosterfoster.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20___-NI-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript of Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forf-Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Workers' Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | ☐ Confession of Judgment (770) | ☐ Public Service Commission (990) |
| | | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| | | ☐ Other (799) | |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (999)_____ |
| ☐ Medical (620) | ☐ Foreign Subpoenas (650) | |
| ☐ Other (699)_____ | ☐ Motion to Quash Subpoena in An Out-of-County Action (660) | |
| ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____   Date: October 11, 2017

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (10/2014)                                                                 Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LANCASTER ) | 2017-CP-29- 01092 |
| ) | |
| Phyllis S. Sklar, ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | **SUMMONS** |
| ) | |
| Pods Enterprises, LLC; Pack and Load ) | |
| Services, Inc.; Carolina Pack "n" Load, ) | |
| LLC; Unirisc, Inc. and Allstate Insurance ) | |
| Company, ) | |
| Defendant(s). ) | |

TO THE DEFENDANT ABOVE NAMED:

You are hereby summoned and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the Complaint to the subscriber at P. O. Box 2123, Greenville, SC 29602, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer the Complaint within that time, the Plaintiff will apply to the Court for the relief demanded in the Complaint and a judgment by default will be rendered against you.

Chad L. Bacon, SC Bar No.: 69841
**FOSTER LAW FIRM, L.L.C.**
P.O. Box 2123 (29602)
601 E. McBee Avenue, Suite 104
Greenville South Carolina  29602
Telephone:     (864) 242-6200
Facsimile:      (864-233-0290)
Attorneys for Plaintiff

October 11, 2017
Greenville, South Carolina

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LANCASTER | ) | C.A. NO: 2017-CP-29-01092 |
| Phyllis S. Sklar, | ) | |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT (Jury Trial Requested) |
| Pods Enterprises, LLC; Pack and Load Services, Inc.; Carolina Pack "n" Load, LLC; Unirisc, Inc. and Allstate Insurance Company. | ) | |
| Defendants. | ) | |

The Plaintiffs complaining of the Defendants herein would respectfully show unto this Honorable Court as follows:

1. Plaintiff is a citizen and resident of Lancaster County, State of South Carolina.

2. Upon information and belief, Defendant Pods Enterprises, LLC (hereinafter Defendant "Pods") is a limited liability company organized and existing pursuant to the laws of one of the states of the United States and which regularly conducts business in the County of Lancaster, State of South Carolina.

3. Upon information and belief, Defendant Pack and Load Services, Inc. (hereinafter Defendant "Pack") is a limited liability company organized and existing pursuant to the laws of one of the states of the United States and which regularly conducts business in the County of Lancaster, State of South Carolina.

4. Upon information and belief, Defendant Carolina Pack "n" Load, LLC (hereinafter Defendant "Carolina") is a limited liability company organized and existing pursuant to the laws of one of the states of the United States and which regularly conducts business in the County of Lancaster, State of South Carolina.

5. Upon information and belief, Defendant Unirisc, Inc. (hereinafter Defendant "Unirisc") is a corporation organized and existing pursuant to the laws of one of the states of the

United States and which regularly conducts business in the County of Lancaster, State of South Carolina.

6. Upon information and belief, Defendant Allstate Insurance Company (hereinafter Defendant "Allstate") is an insurance company organized and existing pursuant to the laws of one of the states of the United States, and which regularly conducts business in the County of Lancaster, State of South Carolina and writes insurance policies for residents of the State of South Carolina.

7. That in or about June 2014 Plaintiff entered into an agreement with Defendant Pods and/or Defendant Pack, wherein the Defendants agreed to move Plaintiff's personal property from Pennsylvania to storage in North Carolina for ultimate delivery to the Indian Land address.

8. That Plaintiff purchased personal property contents protection insurance coverage through Defendant Pods and a personal property liability policy through Defendant Pack and Defendant Carolina. These insurance policies were either insured by and/or administered by Defendant Unirisc.

8. That Defendant Pods and Defendant Pack loaded the personal property of Plaintiff into two (2) pods for storage in North Carolina until the expected delivery date in October 2014.

9. That Defendant Pods and Defendant Pack contracted with Defendant Carolina to deliver the two (2) pod units to Plaintiff's Indian Land property on October 16, 2014.

10. That Plaintiff discovered on October 18, 2014 that both pods had been dropped and/or smashed causing significant damage to her property.

11. That Plaintiff made a claim for her damaged property with Defendant Pods and Defendant Pack and was informed that she needed to notify Defendant Unirisc of her loss.

12. Plaintiff filed a Statement of Claim with Defendant Unirisc on or about January 5, 2015. That Plaintiff complied with all requests by Defendant Pods, Defendant Pack and

Defendant Unirisc for information and with all of the terms and conditions of the applicable policy of insurance relative to the submission of the claim.

13. Defendant Pods, Defendant Pack and Defendant Unirisc sent an adjuster to view the damaged property in or about July 2015.

14. Despite receiving the claims form and conducting an appraisal, neither Defendant Pods, Defendant Pack, Defendant Carolina nor Defendant Unirisc has provided to Plaintiff any compensation for her damaged property to this date.

15. Plaintiff purchased a Homeowners Insurance Policy through an agent and/or employee of Defendant Allstate to cover the house, contents and personal property to be located at 2000 Tay Street in County of Lancaster, State of South Carolina. The Homeowners Insurance Policy was issued by Defendant with policy number 968 819 249.

16. Plaintiff made a claim under her Homeowners Insurance Policy, but Defendant has refused to pay for the claim under the terms of her Homeowners Insurance Policy.

## FOR A FIRST CAUSE OF ACTION AS TO ALLSTATE
### (Breach of Contract)

17. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

18. Plaintiff and Defendant Allstate entered into an insurance contract that specifically provides for compensation in the event of covered loss. Plaintiff paid all premiums and complied with all terms of the policy.

19. Despite having been notified of the Plaintiff's loss that was discovered on or about October 18, 2014, Defendant Allstate has failed to provide compensation to Plaintiff for her loss. Defendant Allstate's failure to comply with the terms of the insurance policy is a breach of the contract entered into by the parties and as a direct and proximate result of that breach, Plaintiff has been harmed in that she has not received the benefit of her bargain and

received compensation for her loss. Accordingly, Plaintiff is entitled to actual damages as determined by a jury.

### FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT ALLSTATE
(Bad Faith)

20. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

21. The contract entered into by the parties has an implied obligation of good faith under the law of the State of South Carolina.

22. Defendant Allstate's actions in denying coverage to Plaintiff under the contract was in bad faith and motivated solely by Defendant Allstate's own financial interest. Defendant Allstate has refused and continues to refuse to give reasonable interpretations to the provisions of the contract and to provide the coverage that was represented as being purchased to the Plaintiffs and has acted to protect its own financial interest therein at the expense of Plaintiff's rights.

23. Defendant Allstate's refusal to pay benefits due under the contract compelled Plaintiff to engage legal counsel to initiate litigation to recover under the contract.

24. That as a direct and proximate result of the conduct of Defendant Allstate, Plaintiff has sustained substantial compensable loss and certain consequential damages, attorney fees and costs.

25. That Defendant Allstate's actions were willful, wanton and/or in reckless disregard for Plaintiff's rights and Plaintiff is informed and believes that she is entitled to punitive damages against Defendant Allstate. Accordingly, Plaintiff is entitled to actual and punitive damages as determined by a jury for Defendant's bad faith action.

4

## FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT PODS, DEFENDANT PACK, DEFENDANT CAROLINA AND DEFENDANT UNIRISC
## (BREACH OF CONTRACT)

26.     Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

27.     That Defendants are in breach of their contracts of insurance to Plaintiff and have failed, refused and neglected to pay the Plaintiff's claim for loss or damage to Plaintiff's personal property.

28.     That Plaintiff is informed and believes that she is entitled to recover her actual damages in addition to prejudgment interest and the costs of this action.

## FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT PODS, DEFENDANT PACK, DEFENDANT CAROLINA AND DEFENDANT UNIRISC

29.     Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

30.     The contracts entered into by the parties has an implied obligation of good faith under the law of the State of South Carolina.

31.     Defendant's actions in denying coverage to Plaintiff under the contract was in bad faith and motivated solely by Defendant's own financial interest. Defendant's have refused and continue to refuse to give reasonable interpretations to the provisions of the contract and to provide the coverage that was represented as being purchased by the Plaintiff and has acted to protect its own financial interest therein at the expense of Plaintiff's rights.

32.     Defendant's refusal to pay benefits due under the contract compelled Plaintiff to engage legal counsel to initiate litigation to recover under the contract.

33.     That as a direct and proximate result of the conduct of Defendant, Plaintiff has sustained substantial compensable loss and certain consequential damages, attorney fees and costs.

5

34. That Defendant's actions were willful, wanton and/or in reckless disregard for Plaintiff's rights and Plaintiff is informed and believes that she is entitled to punitive damages against Defendants. Accordingly, Plaintiff is entitled to actual and punitive damages as determined by a jury for Defendant's bad faith action.

### FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT PODS, DEFENDANT PACK AND DEFENDANT CAROLINA
### (NEGLIGENCE)

35. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

36. That upon receipt and during storage and upon delivery of Plaintiffs property by the Defendants, there was created a mutual benefit bailment imposing upon the Defendants a duty of due care with regard to the transport, storage and safekeeping of Plaintiff's property.

37. That the Defendants were negligent, willfull, wanton, careless, reckless, and grossly negligent in the following particulars:

    (a) In failing to properly safeguard the Plaintiff's property;

    (b) In failing to provide a secure place for the storage of Plaintiff's property;

    (c) In failing to safeguard the Plaintiff's property after they had discovered the exterior Pod had been dropped and/or smashed during transit and/or storage;

    (d) In failing to act as a reasonable and prudent person would under the same or similar circumstances;

    (e) In dropping and/or smashing the POD storage container during delivery and transit; and

    (f) In such other and further ways as shown at trial or through ongoing discovery.

All of the above which were the direct and proximate cause of damages and loss and personal injury sustained by Plaintiff.

6

38. As a direct and proximate result of the negligence of Defendants herein, Plaintiff has sustained actual damages and other consequential damages together with pre-judgment interest and the costs of this action.

### FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDAN PODS, DEFENDANT PACK AND DEFENDANT CAROLINA
### (VIOLATION OF 49 U.S.C. § 14706, ET. SEQ. – CARMACK AMENDMENT)

39. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

40. Plaintiff delivered a quantity of goods and personal property in Pennsylvania to Defendants for storage in North Carolina and then subsequent transport to South Carolina.

41. Upon delivery, Plaintiff discovered that her goods and personal property had been significantly damaged and were of a significantly diminished value.

42. As a result of the damage her goods sustained during storage and/or transport, Plaintiff has sustained actual and consequential damages.

43. Plaintiff seeks an award of any all damages recoverable under 49 U.S.C. § 14706, et. seq., including but not limited to her actual and consequential damages, pre-judgment interest and attorney fees and costs.

WHEREFORE, having fully stated their complaint against Defendants, Plaintiff respectfully prays that the Court award such actual and punitive damages as it deems appropriate, attorney's fees and costs, and such other and further relief as this court deems just and proper.

Respectfully submitted,

Chad L. Bacon, SC Bar No. 69841
**FOSTER LAW FIRM, LLC**
PO Box 2123 (29602)
601 East McBee Avenue, Suite 104
Greenville, South Carolina 29601
Telephone:   (864) 242-6200
Facsimile:    (864) 233-0290

7

                                        Attorney for Plaintiff

October 11, 2017
Greenville, South Carolina